IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Regina Collins, | : | Case No. 1:25-cv-458 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Ohio House of Representatives, *et al.*, | : | Order Adopting Report and Recommendation |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's July 17, 2025 Report and Recommendation ("R & R") recommending that Plaintiff Regina Collins's Complaint be dismissed. (Doc. 5.) The Court granted Plaintiff an extension of time to object to the R & R, but Plaintiff did not file any timely objections. For the reasons that follow, the Court will **ADOPT** the R & R.

Plaintiff filed a 39-page *pro se* Complaint on July 3, 2025 and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on July 17, 2025. (Docs. 1, 3, 4.) The Magistrate Judge performed a *sua sponte* review of the Complaint to determine whether it should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). On July 17, 2025, the Magistrate Judge recommended that Plaintiff's federal claims be dismissed with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2) and that the Court decline to exercise supplemental jurisdiction over any plausible state law claims, although none were detected. (Doc. 5.)

In her Complaint, Plaintiff identifies eleven Defendants: (1) Jessica Miranda, former

1

Ohio State Representative and Hamilton County Auditor; (2) Gwen McFarlin, former Chair of Hamilton County Board of Elections; (3) Hamilton County Board of Elections; (4) Hamilton County Democratic Party; (5) Alex Linser, Hamilton County Board of Elections Director; (6) Karen Brownlee, State Representative; (7) Jodi Witted, Former Interim State Representative Ohio House District 28; (8) State of Ohio Democratic Party; (9) Hamilton County Democratic Party; (10) Ohio Democratic Party; and (11) Ohio House of Representatives. (Doc. 4.) She also lists John and Jane Doe and John and Jane Doe Organizations. (*Id*.) The Complaint includes a variety of exhibits interspersed throughout the filing, including medical records, emails, inquiry forms, Woodlawn Ohio Police Department Daily Log Reports, a United States Equal Opportunity Employment Opportunity Commission Charge of Discrimination, Ohio Board of Elections documents, and a bill. (*Id.*)

As was summarized by the Magistrate Judge, Plaintiff refers to the following list of laws or legal theories to support her claims: "Voting Rights Suppression, Discrimination Based on Religion, Stalking, Intentional Infliction of Emotional Distress, Discrimination Based on Religion, Menacing, Telephone Harassment in violation of Ohio Revised Code and the United Staes Code." (Doc. 1-1 at PageID 46.) Plaintiff asserts that she was discriminated against because she is "a Pro Life, Practicing Catholic, African American Politically Astute, Democrat Woman." (*Id*.) Plaintiff alleges that in late June 2022, she received three telephone calls from Defendants Miranda, McFarlin, and Linser relating to the primary election for the District 28 Representative seat. She alleges that Miranda and McFarlin instructed her to withdraw her petition in the primary election and threatened if she did not withdraw, something very bad was going to happen to her. (*Id*. at PageID 46–47.) Plaintiff alleges that Defendant Linser called to tell her that her 2022 Primary Petition Signatures had been found to be invalid. (*Id*. at PageID

2

47.) Plaintiff claims that Linser and his administrative assistant, Karen McDaniel, provided her with the wrong instruction page for her Petition, and that McDaniel assisted her in filling out the forms incorrectly. (*Id*. at PageID 47–48.) She seeks monetary and punitive damages, criminal prosecution, Defendants' removal from their positions, and a formal apology. (*See* Doc. 4.)

The Magistrate Judge recommended dismissal for failure to state any plausible federal claim, because Plaintiff does not include sufficient factual allegations to state any claim under any laws ore legal theories to which she refers. (Doc. 5.) She found that "[g]enerally, Plaintiff's list of legal theories does not distinguish between state and federal law, and does not identify any specific statutes." (*Id*. at PageID 172.) The Magistrate Judge thoroughly examined all plausible claims with ample consideration particularly in light of the confusing format and vague allegations. Finding no federal law claims, the Magistrate Judge recommended declining to exercise supplemental jurisdiction over any claims that would arise, if at all, solely under state law. As such, she recommended that the federal claims be dismissed with prejudice and the Court decline to exercise supplemental jurisdiction to the extent plausible claims exist, although she could not discern any, nor could the Undersigned.

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R.

Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

No objections have been filed to the Magistrate Judge's R & R recommending dismissal of this action. The Court finds the R & R to be well-taken. The Court **ADOPTS** the R & R (Doc. 5) and dismisses this action from the docket of this Court. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons, an appeal of this Order would not be taken in good faith and should therefore deny Plaintiff leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge